**NEW YORK MERCHANDISE CO. et al.**
v.
**UNITED STATES.**
**C.D. 3081; Protests 63/23210–74664.**

United States Customs Court,
Second Division.
Aug. 10, 1967.

Stein & Shostak, Los Angeles, Cal. (S. Richard Shostak, Los Angeles, Cal., of counsel), for plaintiffs.

Carl Eardley, Acting Asst. Atty. Gen. (Avram Weisberger and Arthur H. Steinberg, New York City, trial attys.), for defendant.

Before RAO, Chief Judge, and FORD and RICHARDSON, Judges.

RICHARDSON, Judge:

The merchandise of these protests consists of Christmas (tree) light sets of various sizes and uses which were imported at Los Angeles, Calif. from Japan, and classified in liquidation under the provision for electrical articles under 19 U.S.C.A., section 1001, paragraph 353 (paragraph 353, Tariff Act of 1930) as modified by T.D. 52739 at the duty rate of 13¾ per centum ad valorem. It is claimed by the plaintiffs-importers that the light sets are properly dutiable under the same tariff provision as modified by T.D. 55615 at the rate of 12½ per centum ad valorem.

The issue before the court, namely, whether the involved light sets are "illuminating articles," has been stated by plaintiffs' counsel in his opening statement as follows (R. 2):

MR. SHOSTAK: The merchandise is Christmas tree light sets. When the GATT negotiations resulted in T.D. 55615 paragraph 353 was modified. This merchandise is concededly within paragraph 353 and has up to this GATT negotiation been dutiable at 13¾ per cent under that provision by virtue of T.D. 52739. In T.D. 55615 the negotiators made certain reductions in duty. Included in those reductions was restrictive language that said "except illuminating articles." Customs has said these are illuminating articles and not subject to the reduced rate.

We are attempting to show that these are not illuminating articles and they have been held to be not illuminating articles by this court. That is the issue. Therefore, they are entitled to the reduction.

It is the contention of the Government that the involved light sets are illuminating articles within the meaning of the trade agreement modification excepting such articles from the reduced duty rate.

The pertinent tariff provision as modified by the competing trade agreement provisions reads as follows:

[Par. 353, as modified by T.D. 52739]
Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in

chief value of metal, and not specially provided for:

\* \* \* \* \* \*

Other (except the following: \* \* \*) . . . 13¾% ad val.

[Par. 353, as modified by T.D. 55615] Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, all the foregoing and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for :

\* \* \* \* \* \*

Other (except the following and parts thereof; \* \* \* illuminating articles including flashlights); \* \* \* . . . 12½% ad val.

In evidence are representative and illustrative samples of the involved light sets (plaintiffs' exhibits 1, 2, 3; illustrative exhibit 4). Only one witness was called to give testimony in the case. Max Fradkin, vice president of the plaintiffs' firm testified, among other things, that he had been with the plaintiffs' company for 28 years, that he was in the departments of the company which dealt with toys, electronics, tree light sets and Christmas decorations, that his duties with the plaintiffs' company included buying and selling, and that he also assisted in the designing and manufacturing of Christmas tree light sets.

The witness testified that he had seen Christmas tree light sets used in houses, stores, and public halls, mainly in and around southern California and Nevada, that he had seen them used for decorative purposes on Christmas trees, around houses, on bushes, around doors and doorways, and around windows, that some of the light sets were indoor types and were used mainly on small Christmas trees, and that some tree lights (including those of plaintiffs' exhibit 3) flash on and off automatically.

Mr. Fradkin also stated that the light sets included bulbs having a certain amount of wattage which would give off some light, and that they were sold to persons who intended to light them, were so used, and would not be commercially salable if they did not light up.

The plaintiffs maintain that the trade agreement exception of illuminating articles is intended to cover only those articles which provide *useful* illumination, and that the involved light sets are not within the exception because they lack utilitarian purposes. In support of this position plaintiffs place reliance upon the holding of this court in New York Merchandise Co., Inc. v. United States, 8 Cust.Ct. 209, C.D. 607. In that case the merchandise was brass shells, found by the court to be integral parts of Christmas tree light sets, and which brass shells had been classified in liquidation under paragraph 397 as a manufacture of metal not specially provided for. The court rejected the collector's classification and held that the shells were classifiable under the provision for electrical articles and parts under paragraph 353. The court stated (page 213):

\* \* \* Nevertheless, we are of the opinion that Christmas-tree lighting sets are articles having as an essential feature an electrical element or device such as signs, as were the Christmas wreaths in the last-cited case. It is a well-known fact that Christmas-tree lighting sets are not used like ordinary fixtures or lamps for illuminating the house, but are solely employed during the Christmas season to decorate Christmas trees both indoors and outdoors. They are more or less symbolical in character of the Christmas season and perform precisely the same function as did the Christmas wreaths involved in the last above-cited case.

We fully agree with defendant's contention that the above cited case is inapposite to the case at bar. No issue was presented in that case as to whether Christmas tree light sets are illuminating articles within the meaning of the trade agreement provision here involved. As we read the case the holding goes no

further than to reaffirm that court's previous view, with which we are in full accord, that Christmas tree light sets, unlike base metal lighting fixtures, lamps, and candelabra, bear some affinity to one of the exemplars of the electrical articles provision of paragraph 353 so as to entitle such light sets to classification under that tariff provision, the opinion recognizing at the same time *vis-à-vis* the holding and discussion in United States v. N. Minami & Co., Inc., 29 CCPA 169, C.A.D. 188, cited at page 213, that lighting fixtures and lamps generally have no such affinity with exemplars of the electrial articles provision of paragraph 353 to entitle such articles to classification under that provision. And since the decision in C.D. 607 the court has continued to regard Christmas tree light sets as being classifiable under the provision for electrical articles in paragraph 353. See New York Merchandise Co., Inc. v. United States, 16 Cust.Ct. 148, C.D. 1003. Furthermore, the very nature of the opposing claims here made presupposes classification of the light sets at bar under the electrical articles provision of paragraph 353, the only question left open for determination being whether these light sets are also "illuminating articles."

On the matter of use, the court is of the opinion that use or chief use of the involved light sets cannot properly be regarded as a factor in determining whether such paragraph 353 merchandise comes within the designation "illuminating articles" as that term is used in the trade agreement modification in question. The electrical articles provision of paragraph 353 is not a use provision. United States v. R. W. Cramer & Co., Inc., 22 CCPA 45, 51, T.D. 47049. For this reason classification of the instant merchandise is not governed by classification of the merchandise the subject of the cases cited to us on pages 7 and 8 of plaintiffs' brief where use was a factor if not the controlling factor in the decisions in those cases. We, therefore, find such cases to be of little or no aid in the resolution of the issue at bar.

There are no guidelines in the trade agreement modification under review which would enable us to ascertain the thinking and intentions of the negotiators with respect to their indigenous use of the term "illuminating articles" in the treatment of paragraph 353 articles. Indeed, plaintiffs concede as much. And in the absence of such guidelines the court must proceed with caution so as not to arbitrarily circumscribe or restrict the intended meaning and scope of the term. The instant record clearly shows that the involved merchandise is valued for, and would be valueless without, its light-producing capacity. Such light-producing capacity is the *sine-qua-non* to the common and ordinary understanding of the word "illuminate" in the view of all of the lexicographers to whom our attention has been called by defendant's counsel. And it should be noted that this court has used the word "illum'nated" when describing the function of Christmas tree lighting fixtures even when the words "illuminating articles" were not in issue. New York Merchandise Co., Inc. v. United States, C.D. 1003, supra, page 149. But now that these words are in issue, we would hardly be justified in adopting another usage therefor on the basis of the instant record which, in our opinion, does not support a consideration of a meaning of the term "illuminating articles" other than its common and ordinary meaning.

The foregoing considerations lead us to conclude that the Christmas tree light sets at bar are "illuminating articles" within the common and ordinary meaning of the term, that plaintiffs have failed to establish that the usage of the term "illuminating articles" in the trade agreement modification described in T.D. 55615 is other than as commonly and ordinarily understood, and that plaintiffs have failed to establish that the collector was incorrect in his interpretation and application of that

term in the liquidation of the entries covering the merchandise at bar. The instant protests are, therefore, overruled.

Judgment will be entered accordingly.

RAO, C. J., and FORD, J., concur.